UNITED STATES BANKRUPTCY COURT
District of Maine

In the matter of

DAVID F. BROCHU                                                    Chapter 13
    <u>Debtor</u>                                                       Case # 15-20559

<u>TRUSTEE'S REPLY IN SUPPORT OF MOTION TO DISMISS</u>

NOW COMES the standing Chapter 13 trustee Peter C. Fessenden and files the following support to the motion of the State of New Hampshire Bureau of Securities Regulation (Bureau) to dismiss the debtor's Chapter 13 case.

*Response to Allegations of Motion of New Hampshire
Bureau of Securities Regulation*

1. The trustee admits the allegation in the first sentence of the Bureau's ¶1. The trustee has no personal knowledge of the allegations in the second and third sentences, but believes them to be true based on the filings, documents and §341 testimony received in the above-captioned case.

2. The trustee has no personal knowledge of the allegations of the Bureau's ¶2, but believes them to be true based on the filings, documents and §341 testimony received in the above-captioned case.

3. The trustee admits the allegation in the first sentence of the Bureau's¶3. The balance of ¶3 is legal argument, which the trustee supports.

4. The trustee admits the allegation in the first sentence of the Bureau's¶4. The balance of ¶4 is legal argument, which the trustee supports.

5. The trustee admits the allegations in the Bureau's ¶5.

6. The trustee admits the allegations in the Bureau's ¶6.

7. Based on the documents submitted by the Bureau with its motion, the trustee admits the allegations in the Bureau's ¶7.

8. Based on the documents submitted by the Bureau with its motion, the trustee admits the allegations in the Bureau's ¶8.

9. Paragraph 9 of the Bureau's motion is legal argument, which the trustee supports.

10. Paragraph 10 of the Bureau's motion is legal argument, which the trustee supports.

11. The trustee admits the allegations in the Bureau's ¶11.

12. The trustee admits the allegations in the Bureau's ¶12

13. The trustee admits the allegations in the Bureau's ¶13.

14. The trustee admits the factual allegations in the Bureau's ¶14. The trustee supports the factual analysis set forth therein.

15. Paragraph 15 requires no reply by the trustee.

*Trustee's Allegations*

1/     The trustee adopts the factual allegations of the Bureau's motion to dismiss and incorporates them herein by reference as if fully set forth.

2/     The debtor's "income" of $1,500 per month represents periodic payments of the proceeds of sale of his interest in Kleossum. They represent an asset disclosed on his Schedule B as follows:

> 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. Deferred compensation from sale of businesses payments of appr. $1,500/mo. For 24 months; subject to performance of successor reduced by 30% to reflect present value in light of risks  -        $25,200

The debtor has claimed an exemption in the asset in the amount of $17,725.

3/     On information and belief, the value of the asset exceeds $25,200; the debtor's discount of 30% is arbitrary and unrealistically high. If the debtor were required to turn over the proceeds of sale as they are received over 24 months, the cash contribution to the estate would be $36,000.

4/     On information and belief, the debtor is entitled on an exemption of only $12,725. The trustee has filed an objection to the balance of the debtor's claim of exemption.

5/     Pursuant to §1325(a)(4), the debtor's plan must pay to general unsecured creditors at least what they would receive in a Chapter 7 liquidation case. Where the entire plan is being funded from an asset, no fees to the debtor's attorney would be payable from the estate (see, *Lamie v. United States Trustee*, 124 S.Ct. 906 (2004)). As a cash asset, a Chapter 7 trustee would not require the services of an attorney, although s/he would need an accountant for whom an estimated fee of $1,000 would be more than adequate.

6/      The debtor cannot propose a confirmable plan that meets the requirements of the Bankruptcy Code.  The debtor's plan proposes to pay $7,540 to unsecured creditors. The trustee believes that at least $10,340 (assuming that the debtor's value and claimed exemptions are accepted) and more likely $18,675 is required (assuming that the trustee's values and objections are accepted).    The debtor's budget and projected income cannot support a payout to unsecured creditors in that amount.

WHEREFORE, the trustee prays that the debtor's case be dismissed (a) pursuant to 11 U. S. C. §109(e) where the debtor does not meet the eligibility requirements for relief under Chapter 13, and/or (b) for cause pursuant to §1307(c) where the debtor cannot propose a confirmable plan.

18 September 2015                                         /s/ *Peter C. Fessenden*
                                                          ------------------------------------------------------
                                                          PETER C. FESSENDEN, Esq.
                                                          Standing Chapter 13 Trustee
                                                          Post Office Box 429
                                                          Brunswick, Maine  04011-0429
                                                          (207) 725-1300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In the matter of:

DAVID F. BROCHU

Debtor

Chapter 13
Case No. 15-20559

# CERTIFICATE OF SERVICE
# FOR ELECTRONIC CASE FILING

I, **Peter C. Fessenden, Esq.**, hereby certify that I caused a true and correct copy of the following documents(s) to be served today on the parties listed below as follows:

Document(s) served:
1. Trustee's Reply in Support of Motion to Dismiss

Service electronically via the Court's ECF system to:
J. Scott Logan, Esq., Debtor's Counsel
Stephen Morrell, Esq., Assistant U.S. Trustee
*All other parties listed on N.E.F. as being served electronically.*

Service by U.S. first class mail, postage prepaid, to:

David Brochu
1033 N Berwick Road
Wells, ME  04090

Signed:

Date:   September 18, 2015

*/s/ Peter C. Fessenden*
PETER C. FESSENDEN, Esq.
Standing Chapter 13 Trustee